**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02299-LTB

**BARRY P. FILLMAN**,

Applicant,

v.

**STANCIL**, Warden,

Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Barry P. Fillman is a prisoner in the custody of the Federal Bureau of Prisons and presently is incarcerated at the Florence Correctional Institution in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and has been granted leave to proceed *in forma pauperis* in this action.

Applicant complains that BOP has failed to respond to his greivance requests concerning his medical care. As relief, he seeks an injunction compelling BOP to comply with its Administrative Remedy Program.

The Court must construe Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action dismissed.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

If Mr. Fillman intends to assert civil rights claims challenging the conditions of his confinement, including the administration of the BOP Administrative Remedy Program, he must file a separate civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U .S. 388 (1971).

Moreover, Applicant's claim that he is being denied BOP's administrative grievance process fails to state a claim for 2241 relief. In this regard, in order to state a claim, a person alleging that he has been deprived of his right to procedural due process must prove two elements: 1) that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable; and 2) that he was not afforded an appropriate level of process. *Zwygart v. Bd. of Cnty. Comm'rs*, 483 F.3d 1086,

1093 (10th Cir. 2007) (internal quotations omitted); *see Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (setting forth elements of procedural due process violation).

A protected liberty interest only arises when a prisoner has a legitimate claim of entitlement to it. Prison grievance procedures do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights. *See Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *Murray v. Albany County Board of County Commissioners*, Civil No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) (unpublished op.); *Anderson v. Colorado Dept. of Corrections*, No. 98-1477, 1999 WL 387163, at *2 (10th Cir. June 14, 1999) (unpublished op.) (holding that a state inmate's § 1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner"). *See also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (holding that federal prison administrative remedy procedures do not "in and of themselves" create a liberty interest in access to that procedure; finding the prisoner's right to petition the government for redress is the right of access to the courts, a right that is not compromised by the prison's refusal to entertain his grievance); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that the Constitution creates no entitlement to grievance procedures or access to such procedures voluntarily established by the state); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding there is no legitimate claim of entitlement to a grievance procedure). Accordingly, Petitioner's alleged denial of access to administrative grievance procedures has not resulted in a violation of his constitutional rights. *Walters v. Corrections Corp. of America*, 119 F. App'x 190, 191 (10th Cir. 2004) (unpublished op.).

Based on the above findings, the Application will be denied. If Applicant wishes to

assert claims challenging the administration of the BOP administrative remedy program, he must do so in a separate prisoner civil rights action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Application is denied and the action dismissed without prejudice. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 20, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court